IN THE MATTER OF APPEAL BY THE TOWNSHIP OF MOORESTOWN IN THE COUNTY OF BURLINGTON, A MUNICIPAL CORPORATION OF NEW JERSEY, FROM FINAL DECISION OF THE DEPARTMENT OF CIVIL SERVICE.

Superior Court of New Jersey
Appellate Division

Argued October 20, 1969—Decided October 24, 1969.

Before Judges GOLDMANN, LEWIS and MATTHEWS.

*Mr. William M. Baumgartner, Jr.* argued the cause for appellant township (*Messrs. Bleakly, Stockwell, Zink & McGeary,* attorneys).

Mr. Philip S. Carchman, Deputy Attorney General, argued the cause for respondent department (Mr. Arthur J. Sills, Attorney General, attorney).

PER CURIAM. Moorestown Township appeals, pursuant to R. R. 4:88–8(a), now R. 2:2–3(a) (2), from a final determination of the N. J. Department of Civil Service that certain municipal positions are not within the unclassified category of the Civil Service and therefore are subject to the regular competitive examination procedures.

Effective January 1, 1967 Moorestown adopted the Council-Manager Plan E of the Faulkner Act. N. J. S. A. 40:69A–1 et seq., 40:69A–114.1 to 114.5. Concomitantly, the township adopted an administrative code, detailing the organizational structure of the new government. Among the positions to be filled were: (1) head of the Department of Administration; (2) Director of Police; (3) Director of the Department of Parks and Recreation; (4) Director of the Department of Public Works, and (5) head of the Department of Finance. Pursuant to a formal inquiry by the township, the State Department of Civil Service by letter requested further information before classifying the positions as "classified" or "unclassified," listing nine questions concerning the scope of authority and degree of functional independence of each of the prospective officials. These questions in part reflected factors listed in our opinion in Milton v. Department of Civil Service, 71 N. J. Super. 135, 140–141 (1961) — factors distilled from a review of prior decisions by New Jersey courts. We reemphasize what was said by this court in Follari v. State Department of Civil Service, 102 N. J. Super. 598 (1968), certif. den., 53 N. J. 80 (1968):

* * * [I]n Milton we did not lay down a definitive test. We merely said that "A review of the decisions shows that the following factors have been considered as indicating whether or not a position is that of head of a department * * *." (71 N. J. Super., at p. 140). Each case must still be considered upon its own facts and merely because those facts do or do not literally comport with the factors mentioned

in *Milton* will not automatically answer the question whether a position is that of head of a department. [at 600–601]

In response to the Department's letter, the township counsel wrote that it was not necessary under existing law to answer in the affirmative three of the listed questions, "as those questions are phrased by you." He requested that there be scheduled at the Department's earliest convenience an administrative hearing or such administrative proceedings as might be necessary for a final ruling. The Department did not schedule a hearing but ruled that inasmuch as the municipality "was unwilling to satisfy requirements as established in *Milton v. Department of Civil Service* relating to Unclassified Department Heads," it had no choice but to hold the positions in question as in the classified service and subject to regular examination procedures.

We consider the questionnaire inquiry adopted by the Department to be a completely unsatisfactory method of determining whether the department heads in question should or should not be considered as in the classified rather than unclassified service. We therefore reverse and remand the matter to the Department for a plenary investigation and hearing with respect to each of the five positions involved.

In our view, the fact that the municipal manager is denoted as the chief administrative and executive township official does not foreclose the possibility of any one or more of the five indicated positions being considered as a department head and therefore in the unclassified service.

Reversed and remanded. We retain jurisdiction.